IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LONGVIEW POWER, LLC, et al.,[1] | ) | Case No. 13-12211 (BLS) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | **Re: Docket No. 7** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE
TO OPERATE THEIR CASH MANAGEMENT SYSTEMS, (B) HONOR
CERTAIN PREPETITION OBLIGATIONS RELATED THERETO,
(C) MAINTAIN EXISTING BUSINESS FORMS, AND (D) CONTINUE TO PERFORM
INTERCOMPANY TRANSACTIONS, (II) WAIVING THE DEPOSIT AND
INVESTMENT REQUIREMENTS OF SECTION 345(B) OF THE
BANKRUPTCY CODE, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"): (I) authorizing the Debtors to (a) continue to operate their Cash Management Systems, (b) honor certain prepetition obligations related thereto, (c) maintain existing business forms, and (d) continue to perform intercompany transactions consistent with historical practice; (II) waiving the deposit and investment requirements of section 345(b) of the Bankruptcy Code; and (III) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: (a) Longview Power, LLC (1860); and Longview Intermediate Holdings C, LLC (1008) (collectively, the "Longview Debtors"); and (b) Mepco Holdings, LLC (6654); Mepco Intermediate Holdings A, LLC (0502); Mepco Intermediate Holdings, LLC (4248); Mepco, LLC (3172); Coresco, LLC (6397); Dana Mining Company of Pennsylvania, LLC (8721); Dana Mining Company, LLC (4499); Mepco Conveyor, LLC (0477); Shannopin Materials LLC (1616); Border Energy, LLC (2798); and Alternate Energy, LLC (2428) (the foregoing excluding the Longview Debtors, collectively, the "Mepco Debtors"). The Longview Debtors' principal offices are located at 966 Crafts Run Road, Maidsville, West Virginia 26541. The Mepco Debtors' principal offices are located at 308 Dents Run Road, Morgantown, West Virginia 26501.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

K&E 27747362

1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis.

1. The final hearing (the "Final Hearing") on the Motion shall be held on September 25, 2013, at 11:00 a.m. Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m. Eastern Time on September 18, 2013, and served on the following parties: (a) the Debtors, 966 Crafts Run Road, Maidsville, West Virginia 26541, Attn: Jeffery L. Keffer, and 308 Dents Run Road, Morgantown, West Virginia 26501, Attn: James L. Laurita, Jr.; (b) proposed counsel for the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Ray C. Schrock, Esq., and Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Ryan Preston Dahl, Esq. and Neal Paul Donnelly, Esq.; (c) proposed co-counsel for the Debtors, Richards, Layton & Finger,

P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Daniel J. DeFranceschi, Esq. and Paul N. Heath, Esq.; (d) counsel to any statutory committee appointed in these chapter 11 cases; (e) counsel for the Steering Committee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Ira S. Dizengoff, Esq. and Arik Preis, Esq.; (f) co-counsel to the Steering Committee, Pachulski Stang Ziehl & Jones, 919 North Market Street, 17th Floor, P.O. Box 8705 Wilmington, Delaware 19899-8705, Attn: Laura Davis Jones, Esq.; (g) counsel for the administrative agent under the Longview Credit Agreement, Latham & Watkins LLP, 233 South Wacker Drive, Suite 5800, Chicago, Illinois 60606, Attn: Richard A. Levy, Esq. and James Ktsanes, Esq.; (h) co-counsel for the administrative agent under the Longview Credit Agreement, Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, Delaware 19801, Attn: Derek C. Abbott; (i) counsel for the collateral agent under the Longview Credit Agreement, Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004, Attn: Steven J. Greene, Esq. and Sinead Carroll, Esq.; (j) Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Tiiara Patton, Esq.; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

2. The Debtors are authorized, in their sole discretion, to: (a) continue operating the Cash Management Systems, substantially as identified on **Exhibit 1** and **Exhibit 3** attached hereto and as described in the Motion; (b) honor their prepetition obligations related thereto; (c) maintain existing business forms; and (d) continue conducting ordinary course intercompany transactions.

3.     The Debtors are further authorized, in their sole discretion, to: (a) continue to use, with the same account numbers, the Bank Accounts in existence as of the Petition Date, including those accounts identified on **Exhibit 2** and **Exhibit 4** attached hereto; (b) use, in their present form, all correspondence and business forms (including letterhead, purchase orders, and invoices), as well as checks and other documents related to the Bank Accounts existing immediately before the Petition Date, without reference to the Debtors' status as debtors in possession; (c) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; (d) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, wire transfers, and other debits; (e) pay the prepetition Bank Fees; and (f) pay any ordinary course bank fees incurred in connection with the Bank Accounts, and to otherwise perform its obligations under the documents governing the Bank Accounts. Once the Debtors have exhausted their existing supply of checks, the Debtors will reorder checks with the designation "Debtor in Possession" and the corresponding bankruptcy number on all such checks.

4.     All banks at which the Bank Accounts are maintained are authorized to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, credit card payments, and ACH transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

5.     All banks provided with notice of this Interim Order maintaining any of the Bank Accounts shall not honor or pay any bank payments drawn on the listed Bank Accounts or

otherwise issued before the Petition Date for which the Debtors specifically issue stop payment orders in accordance with the documents governing such Bank Accounts.

6. The Debtors will maintain records in the ordinary course of business reflecting transfers of cash, if any, including Intercompany Transactions, so as to permit all such transactions to be ascertainable and distinguished between prepetition and postpetition transactions and shall make such records available to the Office of the United States Trustee for the District of Delaware upon request.

7. In the course of providing cash management services to the Debtors, each of the banks at which the Bank Accounts are maintained is authorized, without further order of this Court, to deduct the applicable fees from the appropriate accounts of the Debtors, and further, to charge back to the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, or other electronic transfers of any kind, regardless of whether such items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

8. Subject to the terms set forth herein, any bank may rely upon the representations of the Debtors with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to any order of this Court, and no bank that honors a prepetition check or other item drawn on any account that is the subject of this Interim Order (a) at the direction of the Debtors or (b) in a good-faith belief that this Court has authorized such prepetition check or item to be honored shall be deemed to be nor shall be liable to the Debtors or their estates on account of such prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Interim Order.

K&E 27747362

9. Any banks are further authorized to (a) honor the Debtors' directions with respect to the opening and closing of any Bank Account and (b) accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions; provided, however, that the Debtors' banks shall not have any liability to any party for relying on such representations.

10. For banks at which the Debtors hold Bank Accounts that are not party to a Uniform Depository Agreement with the U.S. Trustee, the Debtors shall use their good-faith efforts to cause the banks to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee within sixty (60) days of the date of this Interim Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved. For banks at which the Debtors hold bank accounts that are party to a Uniform Depository Agreement with the U.S. Trustee, within fifteen (15) days of the date of this Interim Order, the Debtors shall (a) contact each bank, (b) provide the bank with the Debtors' employer identification numbers, and (c) identify each of their bank accounts held at such banks held by a debtor-in-possession in a bankruptcy case.

11. The Debtors are authorized, upon consultation with the Steering Committee, to open any new Bank Accounts or close any existing Bank Accounts as they may deem necessary and appropriate in their sole discretion; provided, however, that the Debtors shall give notice within fourteen (14) days to the U.S. Trustee, any statutory committees appointed in these chapter 11 cases, the Steering Committee, and the Collateral Agent of the opening or closing of any Bank Accounts; provided further, however, that the Debtors shall be permitted to open any such new Bank Account (x) at banks that have executed a Uniform Depository Agreement with the U.S. Trustee, (y) at such banks that are willing to immediately execute such an agreement, or

(z) unless the Steering Committee and the Administrative Agent under the Longview Credit Agreement do not consent to the location of any funds contained therein (such consent not to be unreasonably withheld).

12. The requirement to establish separate accounts for cash collateral and/or tax payments is hereby waived.

13. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained hereunder, shall be subject to the requirements imposed on the Debtors under the *Interim Order (A) Authorizing Postpetition Use of Cash Collateral, (B) Granting Adequate Protection to the Adequate Protection Parties, (C) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b), and (D) Granting Related Relief* or related final order as the same may be amended, supplemented, or modified with the prior written consent of the Steering Committee and the Administrative Agent under the Longview Credit Agreement, or as such order may otherwise be amended, supplemented, or modified by the Court upon notice and a hearing (as such notice may be shortened by order of the Court or agreement among the Steering Committee and the Debtors).

14. The requirements of section 345 of the Bankruptcy Code, to the extent applicable, are waived on an interim basis for sixty (60) days without prejudice to the Debtors' ability to seek a further interim waiver or a final waiver.

15. Notwithstanding anything to the contrary set forth herein, the Debtors are authorized to continue Intercompany Transactions arising from or related to the operation of their business in the ordinary course; provided that, for the avoidance of doubt, the Debtors shall not be authorized by this Interim Order to (x) directly or indirectly, make any distribution on account of an equity interest in the Debtors held by such non-debtor affiliate or its beneficial

owner or (y) undertake any other Intercompany Transaction that is not on the same terms as, or materially consistent with, the Debtors' operation of the business in the ordinary course during the prepetition period. All postpetition payments from a Debtor to another Debtor under any postpetition Intercompany Transactions authorized hereunder are hereby accorded administrative expense status under section 503(b) of the Bankruptcy Code. In connection with the Intercompany Transactions, the Debtors shall continue to maintain current records with respect to all transfers of cash so that all Intercompany Transactions may be readily ascertained, traced, and properly recorded on intercompany accounts.

16. The Debtors shall maintain a matrix summarizing any Intercompany Transaction, the amount paid on account of such Intercompany Transaction, and the parties to such Intercompany Transaction, and shall provide such matrix on a monthly basis to counsel to the Steering Committee, counsel to the Creditors' Committee, and to the U.S. Trustee to be delivered no later than 20 days after the last day of each calendar month; *provided, that*, the Steering Committee's and Creditors' Committee's professionals shall keep the matrix confidential and shall not disclose any of the information in the matrix to any party, including any member of the Steering Committee, without obtaining prior written consent from the Debtors, such consent not to be unreasonably withheld or delayed.

17. Nothing contained in the Motion or this Interim Order shall be deemed or construed as an admission as to the validity or priority of any claim or lien against the Debtors or as a waiver of the Debtors' rights to dispute any claim or lien.

18. Notwithstanding the Debtors' use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity pays those disbursements.

K&E 27747362

19. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

20. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

21. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

22. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

23. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, ~~and enforcement~~ of this Interim Order.

Dated: September 3, 2013
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

K&E 27747362