# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LONGVIEW POWER, LLC, et al.,[1] | ) | Case No. 13-12211 (BLS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |
| KVAERNER NORTH AMERICAN CONSTRUCTION INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Adv. Pro. No. _____ |
| v. | ) ) | |
| LONGVIEW POWER, LLC, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff Kvaerner North American Construction Inc. ("Kvaerner") files this Adversary Complaint for injunctive relief enjoining Longview Power, LLC ("Longview") from making a demand and drawing on Letters of Credit numbers 91895023 and 91895015. In support of its Adversary Complaint, Plaintiffs allege as follows:

## I. PARTIES

1. Plaintiff Kvaerner is a corporation organized under the laws of the state of Delaware with its principal place of business in Canonsburg, Pennsylvania.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: (a) Longview Power, LLC (1860); and Longview Intermediate Holdings C, LLC (1008) (collectively, the "Longview Debtors"); and (b) Mepco Holdings, LLC (6654); Mepco Intermediate Holdings A, LLC (0502); Mepco Intermediate Holdings, LLC (4248); Mepco, LLC (3172); Coresco, LLC (6397); Dana Mining Company of Pennsylvania, LLC (8721); Dana Mining Company, LLC (4499); Mepco Conveyor, LLC (0477); Shannopin Materials LLC (1616); Border Energy, LLC (2798); and Alternate Energy, LLC (2428) (the foregoing excluding the Longview Debtors, collectively, the "Mepco Debtors"). The Longview Debtors' principal offices are located at 966 Crafts Run Road, Maidsville, West Virginia 26541. The Mepco Debotrs' principal offices are located at 308 Dents Run Road, Morgantown, West Virginia 26501.

2. Defendant Longview Power, LLC is a Delaware limited liability company with its principal place of business in Newton, Massachusetts.

## II.    BACKGROUND

**The AAA Arbitration**

3. Kvaerner and Siemens Energy, Inc. ("Siemens") are claimants in an American Arbitration Association arbitration (the "Arbitration") in which Longview and Foster Wheeler North America Corp. ("Foster Wheeler") are respondents. Kvaerner commenced the Arbitration in June 2011.

4. The parties to the Arbitration have asserted claims against one another related to the construction of a power facility located in Maidsville, West Virginia.

**The Letters of Credit**

5. On February 28, 2007, BNP Paribas letter of credit number 91895915 in the amount of $39,800,000 and BNP Paribas letter of credit 91895023 in the amount of $19,023,489 (the "Letters of Credit"), were issued to Longview on behalf of Foster Wheeler.

6. The Letters of Credit were issued by Foster Wheeler as retention and performance security pursuant to obligations under the January 26, 2007 Agreement for Boiler Island Equipment, and Longview was entitled to draw upon the Letters of Credit in certain circumstances.

7. The Letters of Credit are the subject of dispute in the Arbitration. For a variety of reasons, Kvaerner, Siemens, and Foster Wheeler object to Longview's ability to present, demand, and draw on the Letters of Credit. As part of its Statement of Claim in the Arbitration, Kvaerner has asserted that Longview unjustifiably and unlawfully refused to deliver a Transfer Certificate to Kvaerner and Siemens (together the "Consortium") in breach of Longview's

outright assignment of the Letters of Credit to the Consortium in the January 26, 2007 Coordination Agreement between Longview, Kvaerner, and Siemens.

**Application to Place the Letters of Credit into Escrow**

8. In connection with the Arbitration, on August 9, 2013, Kvaerner applied to the Arbitration Tribunal for the Letters of Credit to be placed into escrow with the Tribunal to preserve the status quo pending a determination of the various parties' rights to the Letters of Credit ("Kvaerner's Application"). Siemens and Foster Wheeler supported placing the Letters of Credit in escrow.

9. In response to Kvaerner's Application, Longview promised the Arbitration Tribunal that it would not draw down or further encumber the Letters of Credit before the earlier of September 13, 2013 or the Arbitration Tribunal's ruling on Kvaerner's Application.

10. It was expected that the Arbitration Tribunal would promptly rule on Kvaerner's Application once Longview filed its brief, and after a telephonic hearing on September 4, 2013, where all the parties could be heard.

11. Longview's brief in opposition to Kvaerner's Application was due on August 30, 2013 but, instead of filing a brief, it filed a chapter 11 petition with this Court, which is pending as Case No. 13-12211.

**Bankruptcy Proceeding and Stay**

12. Pursuant to Section 362 of the United States Bankruptcy Code, an automatic stay of the Arbitration took effect at the time Longview filed its chapter 11 petition.

13. As part of the above-captioned bankruptcy case, this Court enjoined Longview from drawing on the Letters of Credit during the pendency of an interim order entitled Order (INTERIM) (A) Authorizing Postpetition Use of Cash Collateral, (B) Granting Adequate

Protection to the Adequate Protection Parties, (C) Scheduling a Final Hearing, and (D) Granting Related Relief ("Interim Cash Collateral Order").

14. Kvaerner, Siemens, and Foster Wheeler have filed various motions seeking relief, including motions filed on September 18, 2013 requesting that the stay be lifted so, *inter alia*, the Arbitration Tribunal can determine Kvaerner's Application.

15. The Court has set a hearing on October 7, 2013 for Kvaerner, Siemens, and Foster Wheeler's motions, and if the stay is lifted and the Interim Cash Collateral Order becomes a final order, Longview may interpret such ruling as terminating this Court's injunction against drawing on the Letters of Credit.

16. Further, due to the strategic timing of Longview's chapter 11 filing, Longview's promise to the Arbitration Tribunal not to draw on the Letters of Credit prior to September 13, 2013 has now expired.  Accordingly, Plaintiff may be left with no injunctive relief preventing Longview from making a demand and drawing upon the Letters of Credit when the stay is lifted, despite the fact that the Arbitration Tribunal has not yet had a chance to rule on Kvaerner's Application.

17. In its bankruptcy pleadings, Longview has expressed its intent to draw on the Letters of Credit, asserting its interest in the Letters of Credit and calling the Letters of Credit a material component of its Lenders' collateral.

18. To protect Kvaerner, an injunction from this Court is necessary to prevent Longview from making a demand and drawing on the Letters of Credit until the Arbitration Tribunal can rule on Kvaerner's Application.

19. For a more complete description of the power facility project, the Arbitration, the contracts between the parties to the Arbitration, and the Letters of Credit, Plaintiff incorporates

all motions and briefings related thereto and filed with this Court by reference into this Adversary Complaint.

### IV.    COUNT I:  INJUNCTIVE RELIEF

(Longview may not demand and draw upon the Letters of Credit)

20. Plaintiff incorporates the allegations of paragraphs 1 through 19, inclusive as though set forth in full herein.

21. Longview has taken the position that it has an interest in the Letters of Credit and that the Letters of Credit are a material component of its Lenders' collateral.  If the stay is lifted, Plaintiff reasonably fears that a demand and draw upon the Letters of Credit would be imminent.

22. Plaintiff seeks an order protecting the status quo and enjoining Longview from making a demand and drawing upon the Letters of Credit until the Arbitration Tribunal can rule on Kvaerner's Application.

23. As of the Petition Date, Longview had 14 days remaining in its agreement with the Arbitration Tribunal to not demand and draw upon the Letters of Credit.  Plaintiff will be irreparably harmed if the stay is lifted and Longview is allowed to demand and draw on the Letters of Credit before the Arbitration Tribunal has an opportunity to rule on Kvaerner's Application, as Plaintiff would be deprived of the right to arbitrate the issue.

24. Longview will not be harmed by the proposed relief, because the proposed relief will merely maintain the status quo until such a time as the Arbitration Panel may rule on Kvaerner's Application.

25. The public interest is served by the requested injunctive relief because the public has an interest in preserving the integrity of the arbitration process.

**WHEREFORE**, Plaintiffs pray for the following relief:

1. Injunctive relief enjoining Longview from making a demand and draw upon the Letters of Credit until the Arbitration Tribunal can rule on Kvaerner's Application.

2. For such further relief as the Court deems just and equitable.

Dated:  September 18, 2013              **DORSEY & WHITNEY (DELAWARE) LLP**

   /s/ Eric Lopez Schnabel
Eric Lopez Schnabel (DE Bar No. 3672)
Robert W. Mallard (DE Bar No. 4279)
300 Delaware Avenue, Suite 1010
Wilmington, Delaware 19801
Telephone: (302) 425-7171
Facsimile: (302) 425-7177
E-mail:  schnabel.eric@dorsey.com
         mallard.robert@dorsey.com

**DORSEY & WHITNEY LLP**
Neil E. McDonell, Esq.
51 West 52nd Street
New York, New York 10019
Telephone: (212) 415-9200
Facsimile: (212) 953-7201
E-mail:  mcdonell.neil@dorsey.com

Jocelyn L. Knoll, Esq.
Eric Ruzicka, Esq.
50 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 492-6622
Facsimile: (212) 953-7201
E-mail:  knoll.jocelyn@dorsey.com
         ruzicka.eric@dorsey.com

*Attorneys for Kvaerner North American Construction Inc.*