IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LONGVIEW POWER, LLC, et al.,[1] | ) | Case No. 13-12211 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: D.I. 25, 117, 200, 205, 208 & 461 |
| | ) | |
| KVAERNER NORTH AMERICAN CONSTRUCTION INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 13-52255 (BLS) |
| | ) | |
| LONGVIEW POWER, LLC, | ) | Re: D.I. 1, 3, 5, 6 & 36 |
| | ) | |
| Defendant. | ) | |
| FOSTER WHEELER NORTH AMERICA CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 13-52256 (BLS) |
| | ) | |
| LONGVIEW POWER, LLC, | ) | Re: D.I. 1, 3, 6 & 33 |
| Defendant. | ) | |

**ORDER AUTHORIZING AND APPROVING STIPULATION BETWEEN THE DEBTORS, AGENT, STEERING COMMITTEE, BACKSTOPPERS AND CONTRACTORS (I) MODIFYING AND LIFTING THE AUTOMATIC STAYS UNDER 11 U.S.C. § 362 TO PERMIT THE ARBITRATION TO PROCEED AS TO ALL ISSUES OTHER THAN ISSUES RELATED TO THE FOSTER WHEELER LCs, (II) REQUIRING FOSTER WHEELER TO EXTEND THE EXPIRATION DATE OF THE FOSTER WHEELER LCs TO JUNE 30, 2014, (III) STAYING THE LC PLEADINGS WITHOUT PREJUDICE, AND (IV) PROHIBITING THE DEBTORS FROM**

---

[1]   The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: (a) Longview Power, LLC (1860); and Longview Intermediate Holdings C, LLC (1008) (collectively, the "Longview Debtors"); and (b) Mepco Holdings, LLC (6654); Mepco Intermediate Holdings A, LLC (0502); Mepco Intermediate Holdings, LLC (4248); Mepco, LLC (3172); Coresco, LLC (6397); Dana Mining Company of Pennsylvania, LLC (8721); Dana Mining Company, LLC (4499); Mepco Conveyor, LLC (0477); Shannopin Materials LLC (1616); Border Energy, LLC (2798); and Alternate Energy, LLC (2428) (the foregoing excluding the Longview Debtors, collectively, the "Mepco Debtors"). The Longview Debtors' principal offices are located at 966 Crafts Run Road, Maidsville, West Virginia 26541. The Mepco Debtors' principal offices are located at 308 Dents Run Road, Morgantown, West Virginia 26501.

## DEMANDING AND DRAWING ON THE
## FOSTER WHEELER LCs UNTIL FURTHER ORDER OF THE COURT

Upon consideration of the stipulation, dated November 14, 2013 (the "Stipulation"), among the above-captioned debtors and debtors in possession (collectively, the "Debtors"), Siemens Energy, Inc. ("Siemens"), Kvaerner North American Construction, Inc. ("Kvaerner") and Foster Wheeler North America Corp. ("Foster Wheeler", together with Siemens and Kvaerner, the "Contractors"), the Steering Committee of Secured Lenders in the above-referenced case (the "Steering Committee"), the Backstoppers[2], and Citicorp North America Inc., in its capacity as administrative agent for the Prepetition Lenders (the "Administrative Agent Bank") (i) modifying and lifting the automatic stays under 11 U.S.C. § 362(d) and Rule 4001(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to permit that certain pending arbitration styled *Kvaerner North American Construction, Inc. and Siemens Energy, Inc. v. Longview Power, LLC and Foster Wheeler North American Corp.*, AAA Case No. 50 158 T 00411 11 (the "Arbitration") to proceed with respect to all issues other than issues regarding the Foster Wheeler LCs,[3] (ii) agreeing to extend the expiration date of the Foster Wheeler LCs to not earlier than June 30, 2014, (iii) staying the LC Pleadings without prejudice, and (iv) prohibiting the Debtors from demanding and drawing down on the Foster Wheeler LCs until no less than 48 hours after this Court rules upon the Determination Motion or some or all of the LC Pleadings, allowing for the Debtors to draw down the Foster Wheeler LCs, all as more fully described in the Stipulation; and the Court having jurisdiction to consider the Stipulation and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Stipulation and the

---

[2] The "Backstoppers" are those entities described and defined in the Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Obtain Senior Secured Postpetition Financing on a Priming Basis, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Adequate Protection to the Adequate Protection Parties, and (IV) Granting Related Relief [D.I. 392].

[3] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Stipulation.

requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the relief requested in the Stipulation being in the best interests of the Debtors, their estates and their creditors; and the Court having reviewed the Stipulation; and the Court having determined that the legal and factual bases set forth in the Stipulation establish just cause for the relief granted herein; and the Court having determined that the *Motion of Siemens Energy, Inc. for Relief from the Automatic Stays to Resume Pending Arbitration* [D.I. 200], *Kvaerner North American Construction Inc.'s Motion for Relief from the Automatic Stay to Continue Prepetition Arbitration* [D.I. 205], and *Foster Wheeler North America Corporation's Motion to Lift Stay to Compel Pending Arbitration to Proceed in its Entirety and for Interim Equitable Relief Maintaining Status Quo Pending Resolution of the Arbitration Issues* [D.I. 208] (collectively, the "Lift Stay Motions") provided reasonable notice of the relief provided for and the material provisions of the Stipulation and adequate opportunity for a hearing thereon; and upon all proceedings had before the Court, and after due deliberation and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Stipulation attached hereto as **Exhibit 1** is approved in all respects.

2. Effective immediately, the automatic stays arising under section 362(a) of the Bankruptcy Code shall be lifted and modified such that the Arbitration is permitted to proceed for all purposes and as to all claims, counter-claims, cross-claims, defenses and disputes that are the subject of the arbitration agreement entered into by the Arbitration Parties (defined below) through any and all interim and final awards and the confirmation and/or modification of any such awards, except that the automatic stays arising under section 362(a) of the Bankruptcy Code remain in effect with respect to the ownership and control of the Foster Wheeler LCs, their proceeds and propriety of any draw thereof. With respect to the foregoing lifting and

modification of the automatic stays, and the continuation of the Arbitration, the Parties hereby expressly reserve, and do not waive, any and all rights with respect to any arguments regarding the effect of, and the Parties' entry into, the Stipulation.

3. Any documents or other information produced in these chapter 11 cases or these proceedings by any of Longview, Kvaerner, Siemens or Foster Wheeler (collectively, the "Arbitration Parties"), even if designated as Confidential, may be used in the Arbitration as if the documents or information had been designated as "Highly Confidential Information" pursuant to the Stipulated Confidentiality Agreement entered into by the Arbitration Parties in the Arbitration; provided, however, that the Arbitration Parties reserve all other rights as to the admission of any documents or information and the use of such to prove the underlying accuracy of any assertions contained therein. Likewise, any documents or other information produced in the Arbitration by any of the Arbitration Parties, even if designated "Confidential Information" or "Highly Confidential Information" pursuant to the Stipulated Confidentiality Agreement entered into by the Arbitration Parties in the Arbitration, may be used in the proceedings before this Court subject to appropriate protections regarding confidential treatment either as agreed to by the Parties or ordered by this Court; provided, however, that the Arbitration Parties reserve all other rights as to the admission of any documents or information and the use of such to prove the underlying accuracy of any assertions contained therein.

4. On or before ten (10) days after the date of the entry of an order by the Court approving this Stipulation, Foster Wheeler shall (i) cause to be extended the expiration date of the Foster Wheeler LCs to not earlier than June 30, 2014, and (ii) deliver copies of such extension documents to the Parties hereto.

5. Effective immediately upon entry of this Order, the LC Pleadings shall be stayed without prejudice.

81427747\V-2

6. Effective immediately upon entry of this Order, that certain adversary proceeding captioned *Kvaerner North American Construction Inc. v. Longview Power, LLC*, Adversary Proceeding Number 13-52255, shall be stayed without prejudice.

7. Effective immediately upon entry of this Order, that certain adversary proceeding captioned *Foster Wheeler North America Corp. v. Longview Power, LLC*, Adversary Proceeding Number 13-52256, shall be stayed without prejudice.

8. The Debtors shall not make any demand or draw down on the Foster Wheeler LCs until no less than 48 hours after this Court rules upon the Determination Motion or some or all of the LC Pleadings, allowing for the Debtors to draw down the Foster Wheeler LCs.

9. The Debtors shall not file a Determination Motion prior to March 1, 2014, unless Foster Wheeler fails to deliver timely copies of documents extending the Foster Wheeler LCs in accordance with Paragraph 4 above, in which case the Debtors may file a Determination Motion at their discretion. The Debtors will provide the Contractors no less than two (2) business days' notice of their intent to file a Determination Motion.

10. The Debtors may, in exigent circumstances, seek expedited relief from this Court with respect to paragraph 9 above upon not less than the lesser of (x) 84 hours or (y) two (2) business days' notice to the Parties. In the event that the Debtors determine that exigent circumstances exist, the Contractors expressly reserve all rights to challenge such determination.

11. Upon the filing of a Determination Motion, the Parties shall be returned to the status quo now existing with respect to the procedural posture of the LC Pleadings and the Contractors' rights under section 362(e) of the Bankruptcy Code, provided, however, the Contractors shall not assert that as a result of this Stipulation the stay has been lifted under section 362(e). For the avoidance of doubt, upon the filing of a Determination Motion, the Contractors shall not be required to re-file or renew any of the Contractors' Pleadings.

12. The stay of Bankruptcy Rule 4001(a)(3), is waived, and the modification of the automatic stay authorized hereby is effective immediately upon entry of this Order.

13. In accordance with Bankruptcy Rule 4001(d)(4), the procedures of Bankruptcy Rule 4001(d)(1) - (3) shall not apply.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order and the Stipulation.

Dated: November 15, 2013
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

81427747\V-2