**EXHIBIT 1**

**(Stipulation)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| LONGVIEW POWER, LLC, et al.,[1] | ) ) ) | Case No. 13-12211 (BLS) |
| Debtors. | ) ) )) | (Jointly Administered) |
| KVAERNER NORTH AMERICAN CONSTRUCTION INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Adv. Pro. No. 13-52255 (BLS) |
| LONGVIEW POWER, LLC, | ) ) ) | |
| Defendant. | ) | |
| FOSTER WHEELER NORTH AMERICA CORPORATION, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Adv. Pro. No. 13-52256 (BLS) |
| LONGVIEW POWER, LLC, | ) ) | |
| Defendant. | ) | |

**STIPULATION BETWEEN THE DEBTORS, AGENT, STEERING COMMITTEE, BACKSTOPPERS AND CONTRACTORS (I) MODIFYING AND LIFTING THE AUTOMATIC STAYS UNDER 11 U.S.C. § 362 TO PERMIT THE ARBITRATION TO PROCEED AS TO ALL ISSUES OTHER THAN ISSUES RELATED TO THE FOSTER WHEELER LCs, (II) REQUIRING FOSTER WHEELER TO EXTEND THE EXPIRATION DATE OF THE FOSTER WHEELER LCs TO JUNE 30, 2014, (III) STAYING THE LC PLEADINGS WITHOUT PREJUDICE, AND (IV) PROHIBITING THE DEBTORS FROM DEMANDING AND DRAWING ON THE <u>FOSTER WHEELER LCs UNTIL FURTHER ORDER OF THE COURT</u>**

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: (a) Longview Power, LLC (1860); and Longview Intermediate Holdings C, LLC (1008) (collectively, the "<u>Longview Debtors</u>"); and (b) Mepco Holdings, LLC (6654); Mepco Intermediate Holdings A, LLC (0502); Mepco Intermediate Holdings, LLC (4248); Mepco, LLC (3172); Coresco, LLC (6397); Dana Mining Company of Pennsylvania, LLC (8721); Dana Mining Company, LLC (4499); Mepco Conveyor, LLC (0477); Shannopin Materials LLC (1616); Border Energy, LLC (2798); and Alternate Energy, LLC (2428) (the foregoing excluding the Longview Debtors, collectively, the "<u>Mepco Debtors</u>"). The Longview Debtors' principal offices are located at 966 Crafts Run Road, Maidsville, West Virginia 26541. The Mepco Debtors' principal offices are located at 308 Dents Run Road, Morgantown, West Virginia 26501.

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), Siemens Energy, Inc. ("Siemens"), Kvaerner North American Construction, Inc. ("Kvaerner"), Foster Wheeler North America Corp. ("Foster Wheeler", together with Siemens and Kvaerner, the "Contractors"), the Steering Committee of Secured Lenders in the above-referenced case (the "Steering Committee"), the Backstoppers[2], and Citicorp North America Inc., in its capacity as administrative agent for the Prepetition Lenders (the "Administrative Agent Bank") and together with the Contractors and the Debtors, the "Parties" and each a "Party"), hereby enter into this stipulation (the "Stipulation") (i) modifying and lifting the automatic stays under 11 U.S.C. § 362(d) and Rule 4001(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to permit that certain pending arbitration styled *Kvaerner North American Construction, Inc. and Siemens Energy, Inc. v. Longview Power, LLC and Foster Wheeler North American Corp.*, AAA Case No. 50 158 T 00411 11 (the "Arbitration") to proceed with respect to all issues other than issues regarding the Foster Wheeler LCs (defined below), (ii) agreeing to extend the expiration date of the Foster Wheeler LCs to not earlier than June 30, 2014, (iii) staying the LC Pleadings (defined below) without prejudice, and (iv) prohibiting the Debtors from demanding and drawing down on the Foster Wheeler LCs until no less than 48 hours after this Court rules upon the Determination Motion (defined below) or some or all of the LC Pleadings, allowing for the Debtors to draw down the Foster Wheeler LCs, all as further described below and with reference to the following facts:

### RECITALS

A.   On August 30, 2013 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy

---

[2] The "Backstoppers" are those entities described and defined in the Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Obtain Senior Secured Postpetition Financing on a Priming Basis, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Adequate Protection to the Adequate Protection Parties, and (IV) Granting Related Relief [D.I. 392].

Code"). The Debtors continue to manage their affairs as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code. On September 4, 2014, the Bankruptcy Court entered the *Order Directing Joint Administration of Chapter 11 Cases* [D.I. 95], by which the Bankruptcy Court ordered joint administration of the chapter 11 cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Del. Bankr. L.R. 1015-1. No party has requested the appointment of a trustee or examiner in these chapter 11 cases, and no committees have been appointed or designated.

B.  Longview Power, LLC ("Longview") and the Contractors entered into various agreements (collectively, the "Contractor Agreements") relating to the design, supply, commissioning and construction of that certain 700 net megawatt supercritical coal-fired power generation facility located in Maidsville, West Virginia (the "Plant").

C.  Among the Contractor Agreements is that certain Agreement for Boiler Island Equipment (the "Boiler Agreement"), under which Foster Wheeler agreed to post two letters of credit in favor of Longview. First, Foster Wheeler delivered to Longview a letter of credit from BNP Paribas (the "Issuer") numbered 91895015 in the amount of $39,800,000 (the "Performance LC"). Second, Foster Wheeler delivered to Longview a second letter of credit from the Issuer, numbered 91895023, which is currently in the amount of approximately $19 million (the "Retention LC", together with the Performance LC, the "Foster Wheeler LCs," including any renewals, extensions or replacements thereof). The Foster Wheeler LCs will expire on December 31, 2013, unless extended.

D.  In June 2011, Kvaerner instituted the Arbitration. Pending in the Arbitration are numerous disputes among Longview, Siemens, Foster Wheeler and Kvaerner regarding the design, supply, construction, commissioning and operations of the Plant pursuant to the

3

Contractor Agreements. The Arbitration proceeding was stayed upon the commencement of these chapter 11 cases.

E. Prior to the Petition Date, the Contractors sought relief from the Arbitration panel to have the Foster Wheeler LCs placed into escrow pending a complete resolution of all issues in between the parties in the Arbitration. Those requests for relief from the Arbitration panel were stayed upon the commencement of these chapter 11 cases.

F. On the Petition Date, the Debtors' filed the *Debtors' Motion for Entry of Interim and Final Orders (a) Authorizing Postpetition Use of Cash Collateral, (b) Granting Adequate Protection to the Adequate Protection Parties, (c) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b), and (d) Granting Related Relief* [D.I. 25] (the "Cash Collateral Motion"), pursuant to which, among other things, the Debtors expressed their intent to draw down on the Foster Wheeler LCs at a future date.

G. The Contractors opposed the Cash Collateral Motion, *inter alia*, to the extent the Debtors' sought authority to draw down on the Foster Wheeler LCs. At the hearing on September 3, 2013 (the "First Day Hearing"), the Debtors and Contractors agreed to maintain the status quo on the Foster Wheeler LCs absent further order of the Court.

H. On September 5, 2013, the Bankruptcy Court entered an interim order with respect to the Cash Collateral Motion, providing, *inter alia,* that "During the pendency of this Interim Order, and notwithstanding any other provision of this Interim Order to the contrary (including any provision regarding the Debtors' proposed use of Cash Collateral or the Budget), the Debtors shall not make any draw on the Foster Wheeler LCs pending further order of a court of this Court." [D.I. 117].

I. The hearing on the Cash Collateral Motion and the LC Pleadings is currently scheduled to take place on November 21, 2013 (the "November 21 Hearing Date").

4

J.  In connection with their objections to the Cash Collateral Motion and their requests for relief from the automatic stays, the Contractors filed the following motions and pleadings (collectively and together with all related motions, briefs, objections, exhibits, appendices and other related pleadings, the "Contractors' Pleadings"):

- a. *Motion of Siemens Energy, Inc. for Relief From the Automatic Stays to Resume Pending Arbitration* [D.I. 200];

- b. *Kvaerner's Motion for Relief From the Automatic Stay to Continue the Prepetition Arbitration* [D.I. 205];

- c. *Foster Wheeler North America Corporation's Motion to Lift Stay to Compel Pending Arbitration to Proceed in Its Entirety and For Interim Equitable Relief Maintaining Status Quo Pending Resolution of the Arbitration Issues* [D.I. 208];

- d. Kvaerner's *Complaint* requesting injunctive relief [Adv. Proc. No. 13-52255, D.I. 1];

- e. Kvaerner's *Motion for Preliminary Injunction* [Adv. Proc. No. 13-52255, D.I. 3];

- f. *Notice of Siemens Energy, Inc.'s Joinder in Relief Sought by Kvaerner North American Construction Inc.'s Motion for Preliminary Injunction* [Adv. Proc. No. 13-52255, D.I. 5];

- g. *Motion of Siemens Energy, Inc. to Intervene* [Adv. Proc. No. 13-52255, D.I. 6];

- h. *Complaint of Foster Wheeler North America Corporation for Injunctive Relief* [Adv. Proc. No. 13-52256, D.I. 1]; and

5

81427747\V-2

      i. *Motion of Foster Wheeler North America Corporation for a Temporary Restraining Order and Preliminary Injunction* [Adv. Proc. No. 13-52256, D.I. 3].

K.    On October 18, 2013, the Debtors, Steering Committee and Administrative Agent Bank filed omnibus responses to the Contractors' Pleadings (collectively and together with any and all related motions, briefs, objections, exhibits, appendices and other related pleadings, the "Objectors' Pleadings," together with the Contractors' Pleadings, the "LC Pleadings").

L.    On November 1, 2013, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Obtain Senior Secured Postpetition Financing on a Priming Basis, (II) Authorizing the Debtor to Use Cash Collateral, (III) Granting Adequate Protection to the Adequate Protection Parties, and (IV) Granting Related Relief* [D.I. 392] (the "DIP Motion").

M.    Pursuant to the DIP Motion, the Debtors were required and intended to file a motion or application seeking approval to demand and draw down on the Foster Wheeler LCs (a "Determination Motion") on or before November 28, 2013.

N.    The Debtors, the Administrative Agent Bank, the Steering Committee, the Backstoppers and the Contractors have agreed to resolve and/or continue a portion of the disputes regarding the LC Pleadings as follows:

## STIPULATION

1.    This Stipulation is subject to the approval of the Bankruptcy Court and shall be of no force and effect unless and until approved by the Bankruptcy Court.

2.    Effective immediately, the automatic stays arising under section 362(a) of the Bankruptcy Code shall be lifted and modified such that the Arbitration is permitted to proceed for all purposes and as to all claims, counter-claims, cross-claims, defenses and disputes that are

the subject of the arbitration agreement entered into by the Arbitration Parties (defined below) through any and all interim and final awards and the confirmation and/or modification of any such awards, except that the automatic stays arising under section 362(a) of the Bankruptcy Code remain in effect with respect to the ownership and control of the Foster Wheeler LCs, their proceeds and propriety of any draw thereof.  With respect to the foregoing modification of the automatic stays, and the continuation of the Arbitration, the Parties hereby expressly reserve, and do not waive, any and all rights with respect to any arguments regarding the effect of, and the Parties' entry into, the Stipulation.

3.  Any documents or other information produced in these chapter 11 cases or these proceedings by any of Longview, Kvaerner, Siemens or Foster Wheeler (collectively, the "Arbitration Parties"), even if designated as Confidential, may be used in the Arbitration as if the documents or information had been designated as "Highly Confidential Information" pursuant to the Stipulated Confidentiality Agreement entered into by the Arbitration Parties in the Arbitration; provided, however, that the Arbitration Parties reserve all other rights as to the admission of any documents or information and the use of such to prove the underlying accuracy of any assertions contained therein.  Likewise, any documents or other information produced in the Arbitration by any of the Arbitration Parties, even if designated "Confidential Information" or "Highly Confidential Information" pursuant to the Stipulated Confidentiality Agreement entered into by the Arbitration Parties in the Arbitration, may be used in the proceedings before this Court subject to appropriate protections regarding confidential treatment either as agreed to by the Parties or ordered by this Court; provided, however, that the Arbitration Parties reserve all other rights as to the admission of any documents or information and the use of such to prove the underlying accuracy of any assertions contained therein.

81427747\V-2

4. On or before ten (10) days after the date of the entry of an order by the Court approving this Stipulation, Foster Wheeler shall (i) cause to be extended the expiration date of the Foster Wheeler LCs to not earlier than June 30, 2014, and (ii) deliver copies of such extension documents to the Parties hereto.

5. Effective immediately upon entry of the order approving this Stipulation, the LC Pleadings shall be stayed without prejudice.

6. Effective immediately upon entry of the order approving this Stipulation, that certain adversary proceeding captioned *Kvaerner North American Construction Inc. v. Longview Power, LLC*, Adversary Proceeding Number 13-52255, shall be stayed without prejudice.

7. Effective immediately upon entry of the order approving this Stipulation, that certain adversary proceeding captioned *Foster Wheeler North America Corp. v. Longview Power, LLC*, Adversary Proceeding Number 13-52256, shall be stayed without prejudice.

8. The Debtors shall not make any demand or draw down on the Foster Wheeler LCs until no less than 48 hours after this Court rules upon the Determination Motion or some or all of the LC Pleadings, allowing for the Debtors to draw down the Foster Wheeler LCs.

9. The Debtors shall not file a Determination Motion prior to March 1, 2014, unless Foster Wheeler fails to deliver timely copies of documents extending the Foster Wheeler LCs in accordance with Paragraph 4 above, in which case the Debtors may file a Determination Motion at their discretion. The Debtors will provide the Contractors no less than two (2) business days' notice of their intent to file a Determination Motion.

10. The Debtors may, in exigent circumstances, seek expedited relief from this Court with respect to paragraph 9 above upon not less than the lesser of (x) 84 hours or (y) two (2) business days' notice to the Parties. In the event that the Debtors determine that exigent circumstances exist, the Contractors expressly reserve all rights to challenge such determination.

81427747\V-2

11. Upon the filing of a Determination Motion, the Parties shall be returned to the status quo now existing with respect to the procedural posture of the LC Pleadings and the Contractors' rights under section 362(e) of the Bankruptcy Code, provided, however, the Contractors shall not assert that as a result of this Stipulation the stay has been lifted under section 362(e). For the avoidance of doubt, upon the filing of a Determination Motion, the Contractors shall not be required to re-file or renew any of the Contractors' Pleadings.

12. The Parties agree that with respect to the LC Pleadings, the only motion, application or other request for relief to be heard at the November 21 Hearing Date shall be (i) the DIP Motion and (ii) the entry of an order approving this Stipulation in a form satisfactory to the Parties hereto (unless entered prior to the November 21 Hearing Date by this Court).

13. This Stipulation constitutes the entire agreement and supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof and, except as otherwise expressly provided herein, is not intended to confer upon any other person any rights or remedies hereunder.

14. This Stipulation is governed by and shall be construed in accordance with the laws of the State of Delaware without regard to its conflicts of laws provisions.

15. The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

16. Each Party shall bear its own attorneys' fees and costs with respect to the execution and delivery of this Stipulation except as provided by an Order of this Court or other agreement of the Parties.

17. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. This

81427747\V-2

Stipulation may be executed by facsimile or PDF signatures, and such facsimile or PDF signatures will be deemed to be as valid as original signatures whether or not confirmed by delivering the original signatures in person, by courier or mail, although it is the Parties' intention to deliver original signatures after delivery of facsimile or PDF signatures.

18. This Stipulation may not be amended without the express written consent of all Parties hereto.

19. This Stipulation shall be binding upon the Parties hereto and upon all of their affiliates, assigns and successors, including without limitation any bankruptcy trustee that might be appointed in the future.

20. It is acknowledged that each of the Parties has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either of the Parties on account of such drafting.

21. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or relating to this Stipulation.

[SIGNATURE PAGE FOLLOWS]



Daniel J. DeFranceschi (DE Bar No. 2732)
Paul N. Heath (DE Bar No. 3704)
Zachary I. Shapiro (DE Bar No. 5103)
Marisa A. Terranova (DE Bar No. 5396)
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
defranceschi@rlf.com
heath@rlf.com
shapiro@rlf.com
terranova@rlf.com

*Co-Counsel to the Debtors and Debtors-in-Possession*

-and-

Philip R. White (admitted *pro hac vice*)
D. Farrington Yates (admitted *pro hac vice*)
Scott E. Koerner (admitted *pro hac vice*)
David A. Pisciotta (admitted *pro hac vice*)
**DENTONS US LLP**
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
phil.white@dentons.com
farrington.yates@dentons.com
scott.koerner@dentons.com
david.pisciotta@dentons.com

*Special Litigation Counsel to the Debtors and Debtors-in-Possession*

Laura Davis Jones (Bar No. 2436)
Colin R. Robinson (Bar No. 5524)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 1901)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
ljones@pszjlaw.com
crobinson@pszjlaw.com

-and-

Ira Dizengoff (admitted *pro hac vice*)
Sean E. O'Donnell (admitted *pro hac vice*)
Ark Preis (admitted *pro hac vice*)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
sodonnell@akingump.com
apreis@akingump.com

*Counsel to the Backstoppers and Steering Committee*

11

*[signature]*

Derek C. Abbott (No. 3376)
William M. Alleman, Jr. (No. 5449)
**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

-and-

Richard Levy
James Ktsanes
**LATHAM & WATKINS LLP**
Willis Tower, Suite 5800
233 South Wacker Drive
Chicago, Illinois 60606-6401
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

*Counsel for Citicorp North America Inc., in its capacity as administrative agent for the Prepetition Lenders*

*/s/ Ka B. O*

William P. Bowden (I.D. #2553)
Karen B. Skomorucha Owens (I.D. #4759)
**ASHBY & GEDDES, P.A.**
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
wbowden@ashby-geddes.com
kowens@ashby-geddes.com

-and-

Lawrence A. Larose (admitted *pro hac vice*)
Samuel S. Kohn (admitted *pro hac vice*)
Robert J. Gayda (admitted *pro hac vice*)
**CHADBOURNE & PARKE LLP**
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369
llarose@chadbourne.com
skohn@chadbourne.com

-and-

Ira Genberg (admitted *pro hac vice*)
Jason D. McLarry (admitted *pro hac vice*)
**TROUTMAN SANDERS LLP**
600 Peachtree Street, NE, Suite 5200
Atlanta, Georgia 30308-2216
Telephone: (404) 885-3000
Facsimile: (404) 885-3900
ira.genberg@troutmansanders.com
jason.mclarry@troutmansanders.com

*Counsel to Foster Wheeler North America Corporation*

Eric Lopez Schnabel (DE Bar No. 3672)
Robert W. Mallard (DE Bar No. 4279)
**DORSEY & WHITNEY**
  **(DELAWARE) LLP**
300 Delaware Avenue, Suite 1010
Wilmington, Delaware 19801
Telephone: (302) 425-7171
Facsimile: (302) 425-7177
schnabel.eric@dorsey.com
mallard.robert@dorsey.com

-and-

Neil E. McDonell (admitted *pro hac vice*)
**DORSEY & WHITNEY LLP**
51 West 52nd Street
New York, New York 10019
Telephone: (212) 415-9200
Facsimile: (212) 953-7201
mcdonell.neil@dorsey.com

Jocelyn L. Knoll (admitted *pro hac vice*)
Eric Ruzicka (admitted *pro hac vice*)
50 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868
knoll.jocelyn@dorsey.com
ruzicka.eric@dorsey.com

*Counsel to Kvaerner North American Construction Inc.*

13

81427747\V-2

| | |
|---|---|
| William P. Bowden (I.D. #2553)<br>Karen B. Skomorucha Owens (I.D. #4759)<br>**ASHBY & GEDDES, P.A.**<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, Delaware 19899<br>Telephone: (302) 654-1888<br>Facsimile: (302) 654-2067<br>wbowden@ashby-geddes.com<br>kowens@ashby-geddes.com<br><br>-and-<br><br>Lawrence A. Larose (admitted *pro hac vice*)<br>Samuel S. Kohn (admitted *pro hac vice*)<br>Robert J. Gayda (admitted *pro hac vice*)<br>**CHADBOURNE & PARKE LLP**<br>30 Rockefeller Plaza<br>New York, NY 10112<br>Telephone: (212) 408-5100<br>Facsimile: (212) 541-5369<br>llarose@chadbourne.com<br>skohn@chadbourne.com<br><br>-and-<br><br>Ira Genberg (admitted *pro hac vice*)<br>Jason D. McLarry (admitted *pro hac vice*)<br>**TROUTMAN SANDERS LLP**<br>600 Peachtree Street, NE, Suite 5200<br>Atlanta, Georgia 30308-2216<br>Telephone: (404) 885-3000<br>Facsimile: (404) 885-3900<br>ira.genberg@troutmansanders.com<br>jason.mclarry@troutmansanders.com<br><br>*Counsel to Foster Wheeler North America Corporation* | *[signature]*<br>Eric Lopez Schnabel (DE Bar No. 3672)<br>Robert W. Mallard (DE Bar No. 4279)<br>**DORSEY & WHITNEY**<br>   **(DELAWARE) LLP**<br>300 Delaware Avenue, Suite 1010<br>Wilmington, Delaware 19801<br>Telephone: (302) 425-7171<br>Facsimile: (302) 425-7177<br>schnabel.eric@dorsey.com<br>mallard.robert@dorsey.com<br><br>-and-<br><br>Neil E. McDonell (admitted *pro hac vice*)<br>**DORSEY & WHITNEY LLP**<br>51 West 52nd Street<br>New York, New York 10019<br>Telephone: (212) 415-9200<br>Facsimile: (212) 953-7201<br>mcdonell.neil@dorsey.com<br><br>Jocelyn L. Knoll (admitted *pro hac vice*)<br>Eric Ruzicka (admitted *pro hac vice*)<br>50 South Sixth Street<br>Minneapolis, Minnesota 55402<br>Telephone: (612) 340-2600<br>Facsimile: (612) 340-2868<br>knoll.jocelyn@dorsey.com<br>ruzicka.eric@dorsey.com<br><br>*Counsel to Kvaerner North American Construction Inc.* |

13


/s/ *James C. Carignan*
Donald J. Detweiler (DE No. 3087)
James C. Carignan (DE No. 4230)
**PEPPER HAMILTON LLP**
Hercules Plaza, Suite 5100
1313 N. Market Sreet
P.O. Box 1709
Wilmington, DE 19801-1709
Telephone: (302) 777-6500
Facsimile: (302) 421-8390
detweilerd@pepperlaw.com
carignanj@pepperlaw.com

-and-

Edward C. Dolan (admitted *pro hac vice*)
**HOGAN LOVELLS US LLP**
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-5677
Facsimile: (202) 637-5910
edward.dolan@hoganlovells.com

Daniel E. González (admitted *pro hac vice*)
600 Brickell Avenue
Suite 2700
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550
daniel.gonzalez@hoganlovells.com

*Counsel to Siemens Energy, Inc.*

14