## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LONGVIEW POWER, LLC, *et al.*[1] | Case No. 13-12211 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Proposed Hearing Date: February 7, 2014**<br>**Objection Deadline: January 10, 2014 @ 4:00 p.m. (EST)** |
| | **Re: Docket Nos. 582, 583 & 584** |

## MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING LONGVIEW POWER, LLC TO FILE UNDER SEAL (A) THE ESTIMATION MOTION, (B) THE KEFFER DECLARATION AND (C) THE JEMISON DECLARATION AND (II) GRANTING RELATED RELIEF

Longview Power, LLC ("<u>Longview</u>"), one of the above-captioned debtors and debtors-in-possession (the "<u>Debtors</u>"), files this motion (the "<u>Motion</u>") for entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (I) authorizing Longview to file under seal (A) *Longview Power, LLC's Motion for Entry of Order (A) Estimating the Claims of Kvaerner North American Construction, Inc., Siemens Energy, Inc. and Foster Wheeler North America Corp. in the Amount of Zero Dollars and (B) Granting Related Relief* (the "<u>Estimation Motion</u>"), (B) the *Declaration of Jeffery L. Keffer in Support of Longview Power, LLC's Motion for Entry of Order (A) Estimating the Claims of Kvaerner North American Construction, Inc., Siemens Energy, Inc.*

---

[1]     The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: (a) Longview Power, LLC (1860); and Longview Intermediate Holdings C, LLC (1008) (collectively, the "<u>Longview Debtors</u>"); and (b) Mepco Holdings, LLC (6654); Mepco Intermediate Holdings A, LLC (0502); Mepco Intermediate Holdings, LLC (4248); Mepco, LLC (3172); Coresco, LLC (6397); Dana Mining Company of Pennsylvania, LLC (8721); Dana Mining Company, LLC (4499); Mepco Conveyor, LLC (0477); Shannopin Materials LLC (1616); Border Energy, LLC (2798); and Alternate Energy, LLC (2428) (the foregoing excluding the Longview Debtors, collectively, the "<u>Mepco Debtors</u>"). The Longview Debtors' principal offices are located at 966 Crafts Run Road, Maidsville, West Virginia 26541. The Mepco Debtors' principal offices are located at 308 Dents Run Road, Morgantown, West Virginia 26501.

*and Foster Wheeler North America Corp. in the Amount of Zero Dollars and (B) Granting Related Relief* (the "Keffer Declaration"), and (C) the *Declaration of Jonathan S. Jemison in Support of Longview Power LLC's Motion for Entry of Order (A) Estimating the Claims of Kvaerner North American Construction, Inc., Siemens Energy, Inc. and Foster Wheeler North America Corp. in the Amount of Zero Dollars and (B) Granting Related Relief* (the "Jemison Declaration," and together with the Estimation Motion and the Keffer Declaration, the "Confidential Documents"), which Confidential Documents Longview cannot file publicly pursuant to a standing confidentiality order (the "Confidentiality Order"), a copy of which is attached hereto as **Exhibit B**, entered in the Arbitration (defined below); and (II) granting related relief. In support of this Motion, Longview respectfully states as follows:

## Jurisdiction

1.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## Relief Requested

4.      By this Motion, Longview seeks entry of an order: (I) authorizing Longview to file the Confidential Documents under seal; and (II) granting related relief.

## Background

5.      On August 30, 2013 (the "Petition Date"), each of the Debtors filed a petition with this Court under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  No party has requested the appointment of a trustee or examiner in these chapter 11 cases, and no committees have been appointed or designated.

6.      The Debtors and certain of their non-Debtor affiliates operate an integrated power generation company, which includes electric power generation, coal mining and processing, and waste disposal operations.   The Debtors operate through two primary business units: (a) Longview, whose primary asset is a 700 net megawatt supercritical coal-fired power generation facility located in Maidsville, West Virginia (the "Power Facility"); and (b) Mepco, a vertically integrated coal miner and processor with facilities located in southwestern Pennsylvania and northern West Virginia.

7.      Prior to the Petition Date, the Debtors were parties to an arbitration proceeding (the "Arbitration") with Foster Wheeler North America Corporation ("Foster Wheeler"), Kvaerner North American Construction Inc.'s ("Kvaerner") and Siemens Energy, Inc. ("Siemens," and together with Foster Wheeler and Kvaerner, the "Contractors") arising from the design and construction of the Power Facility.

3

8.    The Arbitration is a private proceeding.  Accordingly, on or about February 15, 2013, Longview and the Contractors entered into the Confidentiality Order, which was so-ordered by the Arbitration Panel.  The Confidentiality Order, a copy of which is attached hereto as **Exhibit B**, requires that "all information produced or exchanged in the Arbitration, whether documentary, electronically stored, testimonial (including hearing and deposition transcripts), or otherwise will be considered strictly confidential."  (Confidentiality Order ¶ 1).  Only parties listed in the Confidentiality Order — which primarily are Longview, the Contractors, and agents assisting them in the Arbitration litigation — are permitted to receive any information designated as confidential thereunder.

## The Estimation Motion

9.    On the date hereof, Longview filed the Estimation Motion.  In support of the Estimation Motion, Longview filed the Keffer Declaration and the Jemison Declaration. Pursuant to the Estimation Motion, Longview seeks to estimate the amount of the Contractors' claims as zero.

10.    Longview requests authority to file the Confidential Documents under seal in order to comply with the Confidentiality Order.  The Confidential Documents contain information that is necessary for this Court's ability to adjudicate the Estimation Motion, and accordingly, should be included as part of the record in these chapter 11 cases.

11.    By this Motion, Longview proposes that the Confidential Documents remain confidential, be filed under seal, and be served on and made available only to:  (a) the Court; (b) the Office of the United States Trustee for the District of Delaware; (c) the Contractors, their affiliates, lawyers, consultants, advisors, and other professionals; (d) Citicorp North America Inc., in its capacity as administrative agent (the "Administrative Agent Bank") under the

4

Longview prepetition credit agreement, dated as of February 28, 2007 (as amended from time to time, the "Longview Credit Agreement"), its lawyers, consultants, advisors, and other professionals; (e) the Steering Committee of Secured Lenders in the above-referenced case (the "Steering Committee") and (e) the Backstoppers.[2]  All of the Contractors, the Administrative Agent Bank, the Steering Committee and the Backstoppers are entitled to receive the Confidential Documents since, pursuant to that certain *Order Authorizing and Approving Stipulation Between the Debtors, Agent, Steering Committee, Backstoppers and Contractors (I) Modifying and Lifting the Automatic Stays Under 11 U.S.C. § 362 to Permit the Arbitration to Proceed as to All Issues Other than Issues Related to the Foster Wheeler LCs, (II) Requiring Foster Wheeler to Extend the Expiration Date of the Foster Wheeler LCs to June 30, 2014, (III) Staying the LC Pleadings Without Prejudice, and (IV) Prohibiting the Debtors from Demanding and Drawing on the Foster Wheeler LCs Until Further Order of the Court*, dated November 15, 2013 (the "Lift Stay Order") [D.I. 463], each have agreed to keep such Confidential Documents confidential.

## Basis For Relief

12.    The Bankruptcy Code, Bankruptcy Rules and Local Rules authorize the Court to limit the disclosure of certain confidential information to protect entities from potential harm. Section 107(b) of the Bankruptcy Code provides, in relevant part, as follows:

> On request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

---

[2]    The "Backstoppers" are those entities described and defined in the Debtors' *Motion for Entry of an Order (I) Authorizing the Debtors to Obtain Senior Secured Postpetition Financing on a Priming Basis, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Adequate Protection to the Adequate Protection Parties, and (IV) Granting Related Relief* [D.I. 392].

5

11 U.S.C. § 107(b)(1).

13.    Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under § 107(b), providing that

> [o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information

Fed. R. Bankr. P. 9018.

14.    Confidential information need not rise to the level of a trade secret to merit protection under § 107(b).  *See Video Software Dealers Assoc. v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (commercial information defined as "information which would cause an unfair advantage to competitors by providing them information as to the commercial operations of the debtor").

15.    Once a court determines that the information in question falls within one of the categories enumerated in § 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application."  Id.  The Court has broad authority to issue such an order under Bankruptcy Rule 9018.  *See In re Global Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad – 'any order which justice requires.' The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.").

16.    In addition, under § 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.

17.    Longview submits that the Confidential Documents contain sensitive information of a commercial nature and should not be subject to disclosure to the general public. Indeed, the Confidential Documents have already been designated confidential in the Arbitration pursuant to the Confidentiality Order.   Specifically, the Confidential Documents contain non-public commercial information relating to the Contractors' alleged claims asserted against Longview in the private Arbitration proceeding. Indeed, the substance of the Estimation Motion is that the Contractors' claims must be reduced to zero upon the nature of those claims. Because the substance of these claims, and all evidence related thereto is at issue in the Arbitration proceeding, all such documents and the discussion of such documents is confidential pursuant to the terms of the Confidentiality Order. If such information is made publicly available, it could have a detrimental effect on the Debtors and their businesses because they will be in violation of the Confidentiality Order.

## Notice

18.    Longview will provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel for the Administrative Agent Bank; (d) counsel for the collateral agent under the Longview Credit Agreement; (g) counsel for the Backstoppers; (h) counsel for the Contractors; (i) the United States Environmental Protection Agency; (j) the United States Attorney's Office for the District of Delaware; (k) the Office of the Attorney General for the State of West Virginia; (l) the Internal Revenue Service; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002. Longview submits that, in light of the nature of the relief requested, no other or further notice need be given.

**<u>No Prior Request</u>**

19.    No prior motion for the relief requested herein has been made to this or any other court.

8

WHEREFORE, for the reasons set forth herein, Longview respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**:  (a) authorizing Longview to file under seal the Confidential Documents; and (b) granting related relief.

| | |
|---|---|
| Dated:  December 11, 2013 | */s/* Marisa A. Terranova |
| Wilmington, Delaware | Daniel J. DeFranceschi (DE Bar No. 2732) |
| | Paul N. Heath (DE Bar No. 3704) |
| | Zachary I. Shapiro (DE Bar No. 5103) |
| | Marisa A. Terranova (DE Bar No. 5396) |
| | **RICHARDS, LAYTON & FINGER, P.A.** |
| | One Rodney Square |
| | 920 North King Street |
| | Wilmington, Delaware 19801 |
| | Telephone:    (302) 651-7700 |
| | Facsimile:     (302) 651-7701 |
| | Email:          defranceschi@rlf.com |
| | heath@rlf.com |
| | shapiro@rlf.com |
| | terranova@rlf.com |

*Co-Counsel for Longview Power, LLC*

- and -

Philip R. White (admitted *pro hac vice*)
D. Farrington Yates (admitted *pro hac vice*)
David W. Kiefer (admitted *pro hac vice*)
Jonathan S. Jemison (admitted *pro hac vice*)
Scott E. Koerner (admitted *pro hac vice*)
David A. Pisciotta (admitted *pro hac vice*)
**DENTONS US LLP**
1221 Avenue of the Americas
New York, New York 10020-1089
Telephone:    (212) 786-6700
Facsimile:     (212) 768-6800
Email:          phil.white@dentons.com
                     farrington.yates@dentons.com
                     david.kiefer@dentons.com
                     jonathan.jemison@dentons.com
                     scott.koerner@dentons.com
                     david.pisciotta@dentons.com

*Special Litigation Counsel*
*for Longview Power, LLC*

9