# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue

New York, New York 10022

(212) 446-4800

www.kirkland.com

Ray C. Schrock, P.C.
To Call Writer Directly:
(212) 446-4828

ray.schrock@kirkland.com

Facsimile:
(212) 446-4900

January 12, 2014

The Honorable Brendan L. Shannon
United States Bankruptcy Court
District of Delaware
824 North Market Street
6th Floor, Courtroom #1
Wilmington, DE 19801

      Re:    Longview Power, LLC, and its affiliated debtors *et al.*, Case No. 13-12211 (BLS) (the "Debtors"): Request for the Appointment of a Mediator

Dear Judge Shannon:

      As the Court is aware, a telephonic status conference is scheduled for this Wednesday, January 15, 2014 to discuss how best to address the relief requested in (a) the Debtors' motion to estimate the asserted claims of Foster Wheeler North America Corporation, Siemens Energy, Inc., and Kvaerner North American Construction, Inc. (collectively, the "Contractors") against the Debtors' estates,[1] and (b) the adversary proceedings filed by the Contractors and the Debtors against each other (collectively, with the estimation motion, the "EPC Litigation").[2] The Debtors continue to believe strongly in the strength of their legal positions and are prepared to litigate their case to conclusion. However, as fiduciaries the Debtors must pursue all paths to bring these cases to a successful close. Accordingly, I write on behalf of the Debtors, the Debtors' special litigation counsel, Dentons, and my co-counsel to respectfully request that this Court immediately appoint a mediator to help resolve the issues related to the EPC Litigation, upon the terms and subject to the timetable contained herein. The Debtors further request that this Court appoint the Honorable Kevin Gross as the mediator. The Debtors took the liberty to contact Judge Gross last week to put the pieces for a structured mediation in place, and we understand that Judge Gross is willing to serve as a mediator should Your Honor appoint him and is

---

[1] The Debtors filed *Longview Power, LLC's Motion for Entry of Order (A) Estimating the Claims of Kvaerner North American Construction, Inc., Siemens Energy, Inc. and Foster Wheeler North America Corp. in the Amount of Zero Dollars and (B) Granting Related Relief* [Docket No. 582].

[2] See *Kvaerner North American Construction Inc. v. Longview Power, LLC*, Adv. Proc. No. 13-52255; *Foster Wheeler North America Corporation v. Longview Power, LLC*, Adv. Proc. No. 13-52256; and *Longview Power, LLC v. Kvaerner North American Construction, Inc. et al*, Adv. Proc. No. 13-52531.

## KIRKLAND & ELLIS LLP

The Honorable Brendan L. Shannon
January 12, 2014
Page 2

available to serve generally on the timetable set forth below.  Although the Debtors are prepared to file a motion on an expedited basis if necessary, it is the Debtors' sincere hope that by the time of the status conference all parties will have agreed to Judge Gross's appointment as the mediator and the Court will consider the request favorably at the status conference.[3]

As all parties are aware, the Debtors are currently soliciting votes on their chapter 11 plan and will continue to press the claims estimation litigation (and other related EPC Litigation issues) on the timelines set forth in the Plan and the Debtors' DIP Financing Facility.  Indeed, and as previously discussed in front of Your Honor, the Debtors cannot overstate the importance of moving towards emergence as quickly as possible.  In that regard, the Debtors as fiduciaries for these estates have been involved in productive settlement discussions with certain Contractors.[4]  However, the Debtors believe that it is extremely important to use every tool available to progress these cases in advance of the Debtors' confirmation hearing to give the Debtors the very best chance to confirm their chapter 11 plan during their exclusive periods on the scheduled timetable.  Accordingly, the Debtors are requesting mediation because based on their efforts to date, they believe that mediation may serve as a catalyst for settlement with one or more of the Contractors.

The Debtors' request for the appointment of a mediator is not intended to change the timelines of these chapter 11 cases or the EPC Litigation – changing the timing for confirmation would be inconsistent with the Debtors' plan, the Debtors' approved DIP financing and the commitments from the Debtors' backstoppers to finance the Company upon emergence from chapter 11.  Rather, the Debtors believe that a "dual-track" mediation process would be extremely beneficial for providing the parties with a structured and open forum to resolve issues that are otherwise the subject of litigation in this Court with the Contractors in advance of confirmation.  Currently, the Debtors understand the Backstoppers are supportive of mediation so long as none of the terms or milestones contained in the Plan or the DIP Financing Facility are modified, and the Contractors are considering the Debtors' request.

To set some guidelines for the Debtors' request, and consistent with the Debtors' needs with regard to the timetable of these cases, the Debtors believe that it is extremely important to have an agreed mediation structure to give the Debtors the best chance to confirm their chapter 11 plan while giving parties ample opportunity to prepare for the hearing on claims estimation and a contested confirmation hearing should mediation fail.  Accordingly, the Debtors would

---

[3] The Debtors contacted the Contractors on Friday, January 10, 2014 (before receiving any responses to the Debtors' pleadings) to make them aware of the Debtors' request.  The Debtors intend to continue to engage with the Contractors on this topic prior to the status conference and have filed this letter so that the Court and parties in interest are aware of the Debtors' request sufficiently in advance of the status conference.

[4] To be clear, it is of course not the Debtors' intention or desire to alter any settlements reached in advance of mediation, but rather to use the mediation process to resolve open issues that remain unsettled.

## KIRKLAND & ELLIS LLP

The Honorable Brendan L. Shannon
January 12, 2014
Page 3

request appointment of a mediator through February 1, 2014, which is shortly after the plan confirmation objection deadline but sufficiently in advance of both the hearing to estimate claims which must begin on or prior to February 7, 2014 and the confirmation hearing set for February 10, 2014. The Debtors suggest that this is not a circumstance where lengthy mediation statements or other pleadings are necessary as the parties have just briefed the issues with respect to claims estimation before the Court and the parties' positions with supporting materials will have been articulated in the Debtors' motion and the Contractors' responses. Of course, the Debtors defer to the Court's and the mediator's preference on such issues should the Court appoint a mediator. Finally, the Debtors suggest a mediation session calendar attached as <u>Exhibit A</u> hereto, and they understand that Judge Gross is available generally to mediate on a schedule consistent with the Debtors' request as his schedule will allow.

For all of the reasons outlined herein, among others, the Debtors believe it is crucial for the Court to appoint a third-party mediator to assist with the resolution of the issues in connection with the EPC Litigation. This will give the parties the best opportunity to settle the issues currently being litigated and at the same time give the Debtors the very best opportunity to confirm their chapter 11 plan consistent with their operational and financial needs.

Thank you for your consideration of this matter. The Debtors are available to answer any questions from the Court and are hopeful that the Court will refer the EPC Litigation to mediation and appoint Judge Gross as a mediator as described herein and consistent with its authority under Local Rules 9019-3 and 9019-5.

Respectfully submitted,

*/s/ Ray C. Schrock, P.C.*

Ray C. Schrock, P.C.

Counsel to the Debtors

cc:

Phillip R. White, Esq.
Farrington Yates, Esq.

# KIRKLAND & ELLIS LLP

The Honorable Brendan L. Shannon
January 12, 2014
Page 4

Daniel J. DeFranceschi, Esq.
Ira S. Dizengoff, Esq.
Arik Preis, Esq.
Sean O'Donnell, Esq.
Edward C. Dolan, Esq.
Robert B. Wolinksy, Esq.
Khang V. Tran, Esq.
Eric Lopez Schnabel, Esq.
Robert W. Mallard, Esq.
Neil E. McDonell, Esq.
Lawrence A. Larose, Esq.
Samuel S. Kohn, Esq.
Robert J. Gayda, Esq.
Ira Genbeg, Esq.
Jason D. McLarry, Esq.

# KIRKLAND & ELLIS LLP

The Honorable Brendan L. Shannon
January 12, 2014

Exhibit A[5]

**Mediation Schedule**

| Date | Meeting--All Meetings Take Place at the United States Bankruptcy Court for the District of Delaware |
|---|---|
| January 20, 2014 | Judge Gross Introductory Mediation Session |
| January 22, 2014[6] | All Parties in Attendance with Decision-Makers |
| January 23, 2014[7] | All Parties in Attendance with Decision-Makers |
| Future Sessions If Necessary: To Be Discussed | All Parties in Attendance with Decision-Makers |

---

[5] The Debtors understand that Judge Gross is available during this month as his schedule will allow.  Specifically, we understand that Judge Gross is available on January 20th and will (as he often does) make himself available thereafter generally, including on weekends.

[6] Judge Gross's availability not confirmed.

[7] Judge Gross's availability not confirmed.