IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LONGVIEW POWER, LLC, *et al.*[1] | ) | Case No. 13-12211 (BLS) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Hearing Date: May 29, 2014 at 10:00 a.m.. EST** |
| | ) | **Obj. Deadline: May 22, 2014 at 4:00 p.m. EST** |
| | ) | **Related to Docket No. 1145** |

### OBJECTION OF SIEMENS ENERGY, INC. TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE DEBTOR'S CONTINUED SOLICITATION OF THE AMENDED PLAN AND THE ADEQUACY OF THE SUPPLEMENTAL DISCLOSURE IN CONNECTION THEREWITH, (B) ESTABLISHING CERTAIN DEADLINES AND PROCEDURES IN CONNECTION WITH PLAN CONFIRMATION, AND (C) GRANTING RELATED RELIEF

Siemens Energy, Inc. objects to the to the Debtors' Motion for Entry of an Order (A) Approving the Debtors' Continued Solicitation of the Amended Plan and the Adequacy of the Supplemental Disclosure in Connection Therewith, (B) Establishing Certain Deadlines and Procedures in Connection with Plan Confirmation, and (C) Granting Related Relief (the "Motion") (D.I. 1145), and states as follows:

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: (a) Longview Power, LLC (1860); and Longview Intermediate Holdings C, LLC (1008) (collectively, the "Longview Debtors"); and (b) Mepco Holdings, LLC (6654); Mepco Intermediate Holdings A, LLC (0502); Mepco Intermediate Holdings, LLC (4248); Mepco LLC (3172); Coresco LLC (6397); Dana Mining Company of Pennsylvania, LLC (8721); Mepco Conveyor, LLC (0477); Shannopin Materials LLC (1616); Border Energy, LLC (2798); and Alternate Energy, LLC (2428) (the foregoing excluding the Longview Debtors, collectively, the "Mepco Debtors"). The Longview Debtors' principal offices are located at 966 Crafts Run Road, Maidsville, West Virgnia 26541. The Mepco Debtors' principal offices are located at 308 Dents Run Road, Morgantown, West Virginia 26501.

1. Longview Power, LLC, is indebted to Siemens for material and services provided by Siemens in construction of the Debtors' 700 net megawatt, supercritical, coal-fired power generation facility located in Maidsville, West Virginia.

2. The debts owed to Siemens by Longview Power are secured by mechanics' liens Siemens filed against the Debtors' assets, including the Debtors' Power Facility, and by rights of offset and recoupment.

3. Longview Power, Kvaerner North American Construction, Foster Wheeler North America Corp. and Siemens are parties to an AAA Arbitration commenced in 2011 in connection with pre-petition disputes arising from construction of the Power Facility. On November 15, 2013, this Court entered its Order Authorizing and Approving Stipulation Between the Debtors, Agent, Steering Committee, Backstoppers and Contractors Modifying and Lifting the Automatic Stays to Permit the Arbitration to Proceed as to All Issues Other than Issues Related to the Foster Wheeler LCs, and granting other relief. (D.I. 463). The Arbitration is proceeding.

## OBJECTION

A. **Standard for Approval of a Disclosure Statement**

4. A disclosure statement must contain "adequate information" as defined in Bankruptcy Code Section 1125(a):

> "[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records . . . . that would enable . . . a hypothetical investor of the relevant class to make an informed judgment about the plan."

"[T]he importance of full and honest disclosure cannot be overstated." Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 362 (3d Cir. 1996). A disclosure statement must "clearly and succinctly inform the average unsecured creditor what it is going to get, when it is

going to get it, and what contingences there are to getting its distribution," In re Ferretti, 128 B.R. 16, 19 (Bankr. D.N.H. 1991), and must also contain "all material information relating to the risks posed to creditors and equity interest holders under the proposed plan of reorganization." In re Cardinal Congregate I, 121 B.R. 760, 765 (Bankr. S.D. Ohio 1990).

5. Additionally, the Court should not approve a disclosure statement "where it is obvious at the disclosure statement stage that a later confirmation hearing would be futile because the plan described by the disclosure statement is patently unconfirmable." In re American Capital Equipment, LLC, 688 F.3d 145, 154 (3d Cir. 2012).

6. Because the November 13, 2013 Plan proposed by the Debtors and described in the Disclosure Statement was little more than a deed in lieu of foreclosure of the Power Facility to the pre-petition secured lenders with little or no value to be delivered to any other constituency, greater care is required in the disclosures made.  That original Disclosure Statement, with edits negotiated by several parties, was approved by this Court on December 18, 2013.  (D.I. 663)

7. The Debtors began to solicit votes with respect to the Plan, but suspended those efforts before the voting deadline and continued the confirmation hearing which had been scheduled initially for February 10, and then for March 10, 2014.  (D.I. 784 and 935)

8. The Debtors have not disclosed the results of the voting on the Plan.

**B.     Objections to Adequacy of Information in the Disclosure Statement Supplement**

9. The Disclosure Statement Supplement contains a number of important omissions including:

(a) The Disclosure Statement Supplement does not make clear what will be the status of votes already cast for or against the original Plan in the event of no vote or of a conflicting vote on the Amended Plan.

(b) The actions or proceedings pending between Longview Power and Siemens in this bankruptcy case include the Estimation Motion, an objection to Siemens' proof of claim which the debtor had indicated separately would not be set for hearing, and an adversary proceeding seeking to limit the extent of Siemen's mechanic's liens.  The Motion states that the Estimation Motion will be held in abeyance (Motion, pg.2), but this is not repeated in the Supplement.  Neither does the Supplement discuss the Siemens' claim objection or the adversary proceeding.

(c) The Supplement does not adequately address the Debtors' initial attempt to rush to a February 10, 2014 confirmation hearing, or the reasons for or implications of suspending that process and not seeking confirmation before next September.

(d) The Supplement and the Amended Plan it describes contemplate at least two new actions or proceedings: one to confirm the availability of the pre-petition secured lenders' title insurance proceeds (Supplement pg.8), and a second to determine the priorities of mechanics liens against the project (Supplement pg. 11).

(e) The Supplement and the Amended Plan it describes assume, but do not contain sufficient material information to establish, that secured status with respect to any mechanics liens junior to that of the pre-petition secured lenders is tantamount to being entirely unsecured.

10. Other than a brief acknowledgment that the Court may not have jurisdiction over issues between the pre-petition secured lenders and their title insurers (Supplement, pg. 13), the

Supplement does not address the implications of the jurisdictional questions or alternative approaches. Neither does the Supplement address the timing of such a course.

11. The Supplement and the Amended Plan it describes include a prohibited discrimination within the class of unsecured creditors, including Siemens, depending on whether such creditors accept or reject the proposed Amended Plan. This intraclass discrimination violates the plain language of 11 U.S.C. § 1129(a)(4) ("[A] plan shall . . . provide the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to a less favorable treatment of such particular claim or interest."); see In re New Century TRS Holdings, Inc., 407 B.R. 576, 592 (D. Del. 2009) (reversing plan confirmation on appeal under section 1123(a)(4) based on intraclass discrimination). The Amended Plan is patently unconfirmable, requiring denial of approval of the adequacy of the Supplement. See American Capital Equipment, 688 F.3d at 154.

12. The Court should defer consideration of the Supplement until such time as the Debtors remove all non-confirmable elements from the Amended Disclosure Statement and Amended Plan. Siemens reserves the right to supplement or amend this Objection and to raise all issues appropriate at any hearing scheduled to consider confirmation of the Amended Plan.

WHEREFORE, Siemens respectfully requests that the Court (i) deny the Motion for approval of the Disclosure Statement Supplement and (ii) grant such other and further relief as this Court deems appropriate.

| | |
|---|---|
| Date:  May 22, 2014<br>Wilmington, Delaware | Respectfully submitted,<br><br>PEPPER HAMILTON LLP<br><br> /s/ John H. Schanne II<br>Donald J. Detweiler (DE No. 3087)<br>John H. Schanne II (DE No. 5260)<br>Hercules Plaza, Suite 5100<br>1313 N. Market Street<br>P.O. Box 1709<br>Wilmington, Delaware  19801-1709<br>Telephone: (302) 777-6500<br>Facsimile:  (302) 421-8390<br>detweilerd@pepperlaw.com<br>schannej@pepperlaw.com<br><br>-and-<br><br>Edward C. Dolan<br>Robert B. Wolinsky<br>Khang V. Tran<br>HOGAN LOVELLS US LLP<br>Columbia Square<br>555 Thirteenth Street, NW<br>Washington, DC  20004<br>Telephone: (202) 637-5600<br>Facsimile:  (202) 637-5910<br>edward.dolan@hoganlovells.com<br><br>Daniel E. González<br>Mark R. Cheskin<br>Richard C. Lorenzo<br>HOGAN LOVELLS US LLP<br>600 Brickell Avenue<br>Suite 2700<br>Miami, FL 33131<br>Telephone:  (305) 459-6500<br>Facsimile:   (305) 459-6550<br>daniel.gonzalez@hoganlovells.com<br>mark.cheskin@hoganlovells.com<br>richard.lorenzo@hoganlovells.com<br><br>*Counsel to Siemens Energy, Inc.* |