**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LONGVIEW POWER, LLC, et al.,[1] | ) | Case No. 13-12211 (BLS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Re: Docket No. 1145 |

ORDER (A) APPROVING THE DEBTORS' CONTINUED
SOLICITATION OF THE AMENDED PLAN AND THE ADEQUACY
OF THE SUPPLEMENTAL DISCLOSURE IN CONNECTION THEREWITH,
(B) ESTABLISHING CERTAIN DEADLINES AND PROCEDURES IN CONNECTION
WITH PLAN CONFIRMATION, AND (C) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (a) approving the Debtors' continued solicitation of the Amended Plan and adequacy of the supplemental disclosure in connection therewith; (b) establishing certain amended deadlines and procedures in connection with plan confirmation; and (c) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: (a) Longview Power, LLC (1860); and Longview Intermediate Holdings C, LLC (1008) (collectively, the "Longview Debtors"); and (b) Mepco Holdings, LLC (6654); Mepco Intermediate Holdings A, LLC (0502); Mepco Intermediate Holdings, LLC (4248); Mepco, LLC (3172); Coresco, LLC (6397); Dana Mining Company of Pennsylvania, LLC (8721); Dana Mining Company, LLC (4499); Mepco Conveyor, LLC (0477); Shannopin Materials LLC (1616); Border Energy, LLC (2798); and Alternate Energy, LLC (2428) (the foregoing excluding the Longview Debtors, collectively, the "Mepco Debtors"). The Longview Debtors' principal offices are located at 966 Crafts Run Road, Maidsville, West Virginia 26541. The Mepco Debtors' principal offices are located at 308 Dents Run Road, Morgantown, West Virginia 26501.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

KE 31794989

consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and all other pleadings filed in support of, in response to, and in connection therewith, and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Disclosure Statement Supplement, substantially in the form attached hereto as **Exhibit 1**, is approved in all respects pursuant to sections 1125 and 1127 of the Bankruptcy Code and Bankruptcy Rule 3017.

3. The solicitation materials to be transmitted to Holders of Claims in the Classes entitled to vote on the Amended Plan shall include the following: (a) the Amended Plan, including a blackline identifying the Plan Modifications; (b) the Disclosure Statement Supplement, including the Debtors' amended financial projections, which were filed with the Court on March 21, 2014 [Docket No. 1046-1]; (c) this Order (without exhibits); (d) a notice of the confirmation hearing, substantially in the form attached hereto as **Exhibit 2**, which shall be served on all Holders of Claims and Interests; (e) the applicable ballot for Holders of Claims in

each of the voting Classes, substantially in the forms approved by the Solicitation Order; and (f) a pre-addressed postage prepaid return envelope (collectively, the "<u>Supplemental Solicitation Package</u>").

4. Holders of Claims in Classes 3, 4, 5, 6 and 7 of the Amended Plan are entitled to receive the Supplemental Solicitation Package and cast new ballots to vote on the Amended Plan.

5. The deadline by which ballots must be received by the Claims Agent (the "<u>Voting Deadline</u>") is July 15, 2014, at 4:00 p.m. (prevailing Eastern Time). The Debtors are permitted to extend the Voting Deadline, with the consent of the Backstoppers, in accordance with the Solicitation Order.

6. The hearing to consider confirmation of the Amended Plan (the "<u>Confirmation Hearing</u>") shall begin on September ___, 2014, at __:00 a.m. (prevailing Eastern Time) and continue from day to day as necessary, before the Honorable Brendan L. Shannon, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 6th Floor, Courtroom 1, Wilmington, Delaware 19801; <u>provided, however</u>, the Debtors, with the consent of the Backstoppers, may adjourn or continue the Confirmation Hearing from time to time in accordance with the Solicitation Order, [handwritten: subject to objecting parties' rights to oppose such adjournment and the Debtors' rights to oppose such objection].

7. Objections to the Amended Plan, if any, shall: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the amount and nature of such party's Claim or Interest; (d) state with particularity the basis and nature of any objection to the Amended Plan; (e) propose a modification to the Amended Plan that would resolve such objection (if applicable); and (f) be filed, contemporaneously with a proof of service, with the Court and served so that it is actually received by each of the notice

parties identified in the Confirmation Hearing Notice no later than July 15, 2014, at 4:00 p.m. (prevailing Eastern Time).

8. Any objections to confirmation of the Amended Plan not timely filed and served in the manner set forth above may not be considered and may be overruled.

9. Replies, if any, to any objection to confirmation of the Amended Plan shall be filed and served so that they are actually received no later than August 25, 2014, at 4:00 p.m. (prevailing Eastern Time) by the Court and any objecting parties.

10. The deadline for submission of the Certification of Votes shall be July 31, 2014, at 4:00 p.m. (prevailing Eastern Time).

11. All other solicitation and voting tabulation procedures previously approved in the Solicitation Order, and not otherwise modified by this Order, remain in effect and binding.

12. The Debtors, in consultation with the Backstoppers (and Foster Wheeler, as applicable), are authorized to make non-substantive changes to the Disclosure Statement Supplement, the Amended Plan, and related documents without further order of the Court, including without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement Supplement, the Amended Plan, and any other related materials prior to their mailing to parties in interest.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: May 29, 2014
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE