**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) ) ) Chapter 11 ) |
| LONGVIEW POWER, LLC, et al.,[1] | ) Case No. 13-12211 (BLS) ) |
| Debtors. | ) Jointly Administered ) ) Hearing Date: June 24, 2014, at 10:00 a.m. (ET) ) Objection Deadline: June 17, 2014, at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) FURTHER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE AND (B) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (the "Motion")[2] for the entry of an order, substantially in the form attached hereto as **Exhibit A**: (a) further extending the Debtors' exclusive right to file a chapter 11 plan through and including September 30, 2014 (the "Filing Exclusivity Period"), and to solicit votes thereon through and including December 1, 2014 (the "Soliciting Exclusivity Period," and together with the Filing Exclusivity Period, the "Exclusivity Periods"), without prejudice to the Debtors' right

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: (a) Longview Power, LLC (1860); and Longview Intermediate Holdings C, LLC (1008) (collectively, the "Longview Debtors"); and (b) Mepco Holdings, LLC (6654); Mepco Intermediate Holdings A, LLC (0502); Mepco Intermediate Holdings, LLC (4248); Mepco, LLC (3172); Coresco, LLC (6397); Dana Mining Company of Pennsylvania, LLC (8721); Dana Mining Company, LLC (4499); Mepco Conveyor, LLC (0477); Shannopin Materials LLC (1616); Border Energy, LLC (2798); and Alternate Energy, LLC (2428) (the foregoing excluding the Longview Debtors, collectively, the "Mepco Debtors"). The Longview Debtors' principal offices are located at 966 Crafts Run Road, Maidsville, West Virginia 26541. The Mepco Debtors' principal offices are located at 308 Dents Run Road, Morgantown, West Virginia 26501.

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the *Debtors' First Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1193] (as may be further amended, modified, or supplemented from time to time and all exhibits and supplements thereto, the "Amended Plan").

to seek further extensions to the Exclusivity Periods; and (b) granting related relief. In support of this Motion, the Debtors respectfully state as follows:[3]

## Jurisdiction

1.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory bases for the relief requested herein are section 1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## Relief Requested

4.  By this Motion, the Debtors seek entry of an order substantially in the form attached hereto as **Exhibit A**: (a) further extending the Debtors' Filing Exclusivity Period through and including September 30, 2014, and the Debtors' Soliciting Exclusivity Period

---

[3]  The Debtors have filed this Motion prior to the expiration of the current deadline for the Exclusivity Periods that would otherwise occur on June 4, 2014. Pursuant to Local Rule 9006-2, "if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the [Bankruptcy] Code, the [Bankruptcy Rules], these Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order." Accordingly, Local Rule 9006-2 automatically extends the Exclusivity Periods pending the Court's hearing to consider the relief requested by this Motion.

KE 31728638

through and including December 1, 2014, without prejudice to the Debtors' right to seek further extensions to the Exclusivity Periods; and (b) granting related relief.

## Preliminary Statement

5.      The Debtors request an extension of the Exclusivity Periods to permit the Debtors to complete their restructuring process by seeking confirmation of the Amended Plan without the distraction and additional costs related to competing chapter 11 plans.  Additionally, as discussed on the record at the omnibus hearing on May 29, 2014, the Debtors will also work with parties in interest to implement the relief requested herein on a consensual basis, although the Debtors maintain that the relief requested herein is sought only out of an abundance of caution.  Nevertheless, the record is clear that the limited extension of the Debtors' exclusivity period is warranted.  Following the May 29 hearing, the Debtors are continuing their solicitation on the Amended Plan, which provides that, among other things:

- by agreement with the Backstoppers, the collateral agent under the Longview Credit Agreement will contribute certain proceeds from the $825 million available under a title insurance policy obtained for the Longview Lenders' benefit to an insurance trust (the "Insurance Trust"); and

- the claims of Siemens and Kvaerner will be paid in full from the Insurance Trust, if such claims are ultimately determined to be valid, allowed, and senior in priority to the claims arising under the Longview Credit Agreement.

Pursuant to the *Order (A) Approving the Debtors' Continued Solicitation of the Amended Plan and the Adequacy of the Supplemental Disclosure in Connection Therewith, (B) Establishing Certain Deadlines and Procedures in Connection with Plan Confirmation, and (C) Granting Related Relief* [Docket No. 1214] (the "Continued Solicitation Order"), the Debtors will commence a hearing to confirm the Amended Plan on September 3, 2014 (the "Confirmation Hearing").

6. Given the significant progress the Debtors have made and continue to make in their financial and operational restructuring as well as the clear path to emergence provided by the Amended Plan, the Debtors respectfully submit that ample cause exists to extend Exclusivity Periods as requested herein. Such an extension will provide all parties in interest sufficient time to review the Amended Plan and supplemental disclosures made in connection therewith, facilitate the Debtors' continued solicitation of the Amended Plan and confirmation thereof, and bring these chapter 11 cases to a successful conclusion. Accordingly, for the reasons set forth above and herein, the Debtors respectfully request that the Court grant the relief requested herein and further extend the Filing Exclusivity Period through and including September 30, 2014, and the Soliciting Exclusivity Period through and including December 1, 2014.

**Basis for Relief**

7. The decision to extend the Exclusivity Periods should be guided by the totality of circumstances in each particular case. See, e.g., First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip, Inc., 64 B.R. 963, 965 (D. Del 1986); In re Dow Corning Corp., 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997); In re Express One Int'l, Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1997); In re McLean Indus., Inc., 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987). Courts, including courts in this district, typically examine a number of factors to determine whether a debtor has had an adequate opportunity to develop, negotiate, and propose a chapter 11 plan and, thus, whether there is "cause" for extension of the exclusive periods to file, and solicit votes on, a plan. These factors include:

    (a)    the size and complexity of the case;

    (b)    the necessity of sufficient time to negotiate and prepare adequate information;

    (c)    the existence of good faith progress;

  (d) whether the debtor is paying its debts as they become due;

  (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

  (f) whether the debtor has made progress negotiating with creditors;

  (g) whether creditors are prejudiced by the extension;

  (h) the length of time a case had been pending;

  (i) whether the debtor is seeking an extension to pressure creditors; and

  (j) whether or not unresolved contingencies exist.

See In re R.G. Pharm., Inc., 374 B.R. 484, 487 (Bankr. D. Conn. 2007); In re Friedman's Inc., 336 B.R. 884, 888 (Bankr. D. Ga. 2005); In re Cent. Jersey Airport Servs., LLC, 282 B.R. 176, 183 (Bankr. D.N.J. 2002). Moreover, "cause" should be viewed flexibly "in order to allow the debtor to reach an agreement." H.R. Rep. No. 95, 95th Cong., 1st Sess. 232 (1997); see also In re Public Serv. Co. of New Hampshire, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("legislative intent . . . [is] to promote maximum flexibility").

  8. Although not every factor is relevant in every case, courts almost universally recognize that the size and complexity of a chapter 11 case, in itself, is an appropriate basis upon which to extend exclusivity. See, e.g., In re Texaco, Inc., 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987) ("The large size of a debtor and the consequent difficulty in formulating a plan of reorganization for a huge debtor with a complex financial structure are important factors which generally constitute cause for extending the exclusivity periods"). In fact, Congress specifically recognized that exclusivity extensions may be warranted in large or complex cases when it enacted section 1121 of the Bankruptcy Code. See H.R. Rep. No. 95-595, at 231–32, reprinted in 1978 U.S.C.C.A.N. 5963, 6191.

9. The size and complexity of these chapter 11 cases is self-evident. These chapter 11 cases involve thirteen Debtor entities with approximately 650 employees and more than $1 billion in funded debt. These chapter 11 cases involve both a balance sheet and operational restructuring that, in turn, has required the Debtors to address practically every aspect of their coal processing and power generation operations and also required the Debtors to address issues arising in connection with certain non-debtor subsidiaries, such as Dunkard Creek. The Debtors have successfully responded to each of these operational challenges, as demonstrated by favorably renegotiating critical coal supply and ash disposal contracts with FirstEnergy, securing continued access to critical water supply and water treatment services through the acquisition of Dunkard Creek, and overhauling and streamlining the operations of the Mepco Debtors. In addition, the Debtors are already continuing in their efforts to solicit acceptances for their Amended Plan and intend to confirm that Amended Plan on September 3, 2014.

10. Moreover, the Debtors submit that each of the relevant factors noted above warrants an extension of the Exclusivity Periods:

- <u>The Debtors Have Made Good Faith Progress Towards Exiting Chapter 11</u>. Not only have the Debtors proposed the Amended Plan with the support of the Backstoppers and Foster Wheeler, the Debtors have continued to work in good faith with Kvaerner and Siemens through the Court-approved mediation process. The Debtors have also continued to comply with their duties as debtors in possession by, among other things, seeking to assume leases[4] and objecting to claims.[5]

- <u>An Extension of the Exclusivity Periods Will Benefit—Not Prejudice—Creditors</u>. The record of these chapter 11 cases makes clear that the

---

[4] See *Debtors' Omnibus Motion for Entry of an Order (A) Authorizing the Debtors to Assume Certain Unexpired Leases of Nonresidential Real Property Nunc Pro Tunc to the Date Hereof and (B) Granting Related Relief* [Docket No. 1071].

[5] See [Docket Nos. 737–739, 1127, 1128].

Debtors have made and will continue to make every reasonable effort to reach consensual resolution of issues with their stakeholders where reasonably possible. Indeed, the Debtors continue to participate in mediation with the Backstoppers, First American and the Contractors to reach a resolution of all issues related to the construction of the Longview Power Facility. Moreover, the Amended Plan reflects these efforts, by providing a mechanism for payment, in full, of the Contractors' claims to the extent such claims are ultimately allowed and senior to the claims arising under the Longview Credit Agreement.

- <u>The Debtors are Paying Their Bills as They Come Due</u>. Since the Petition Date, the Debtors have paid their vendors in the ordinary course of business or as otherwise provided by Court order. Notably, not a single party has sought relief from this Court seeking payment of an administrative claim.

- <u>The Debtors Have Demonstrated Reasonable Prospects for Filing a Viable Plan</u>. The Debtors' Amended Plan is supported by the Backstoppers and Foster Wheeler, and has been modified to provide for payment of Siemens' and Kvaerner's asserted mechanics' lien claims if such claims are found to be valid, allowed claims senior to the claims arising under the Longview Credit Agreement without the necessity of claims estimation by this Court.

- <u>The Debtors Have Made Significant Progress Negotiating with Creditors</u>. The Debtors have successfully resolved disputes with FirstEnergy, Foster Wheeler, and other creditors. Without question, these developments establish the Debtors' ability to constructively utilize their statutory exclusivity periods to continue driving these chapter 11 cases to emergence.

11. The foregoing record demonstrates that the Debtors continue to do everything that they should be doing as estate fiduciaries to facilitate a successful conclusion to these chapter 11 cases. Moreover, courts in this jurisdiction have granted similar relief in other large chapter 11 cases. <u>See</u>, <u>e.g.</u>, <u>In re Overseas Shipping Grp. Inc.</u>, No. 12-20000 (PJW) (Bankr. D. Del. Dec. 20, 2013) (granting third extension of exclusivity for approximately 90 days); <u>In re Vertis Holdings, Inc.</u>, No. 12-12821 (CSS) (Bankr. D. Del. Aug. 27, 2013) (granting third extension of exclusivity for approximately 90 days); <u>In re DDMG Estate, f/k/a Digital Domain Media Grp., Inc.</u>, No. 12-12568 (BLS) (Bankr. D. Del. Aug. 1, 2013) (granting third extension of exclusivity

7

for approximately 90 days); In re PMI Grp., Inc., No. 11-13730 (BLS) (Bankr. D. Del. Sept 7, 2012) (granting third extension of exclusivity for approximately 60 days); In re Neb. Book Co., No. 11-12005 (PJW) (Bankr. D. Del. May 23, 2012) (granting third extension of exclusivity for approximately 90 days). Accordingly, the Debtors respectfully submit that this record establishes sufficient cause to extend the Exclusivity Periods as provided herein.

## Notice

12. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent under the Longview prepetition credit agreement, dated as of February 28, 2007 (as amended from time to time, the "Longview Credit Agreement"); (d) counsel for the administrative agent under the Longview Credit Agreement; (e) the collateral agent under the Longview Credit Agreement; (f) counsel for the collateral agent under the Longview Credit Agreement; (g) counsel for the Backstoppers; (h) the United States Environmental Protection Agency; (i) the United States Attorney's Office for the District of Delaware; (j) the Office of the Attorney General for the State of West Virginia; (k) the Internal Revenue Service; (l) the DIP Agent; (m) counsel to the DIP Agent; (n) counsel to First American Title Insurance Company; and (o) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

13. Except as requested by the *Debtors' Motion for Entry of an Order (A) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (B) Granting Related Relief* [Docket No. 704] and the *Debtors' Motion for Entry of an Order (A) Further Extending the*

8

KE 31728638

*Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (B) Granting Related Relief* [Docket No. 1026], no prior motion for the relief requested herein has been made to this or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

KE 31728638

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**: (a) further extending the Debtors' Filing Exclusivity Period through and including September 30, 2014, and the Debtors' Soliciting Exclusivity Period through and including December 1, 2014, without prejudice to the Debtors' right to seek further extensions to the Exclusivity Periods; and (b) granting related relief.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

| | |
|---|---|
| Wilmington, Delaware<br>Dated:  June 3, 2014 | /s/ *Zachary I. Shapiro*<br>Daniel J. DeFranceschi (No. 2732)<br>Paul N. Heath (No. 3704)<br>Zachary I. Shapiro (No. 5103)<br>Marisa A. Terranova (No. 5396)<br>**RICHARDS, LAYTON & FINGER, P.A.**<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>Telephone:  (302) 651-7700<br>Facsimile:  (302) 651-7701<br>Email:  defranceschi@rlf.com<br>   heath@rlf.com<br>   shapiro@rlf.com<br>   terranova@rlf.com<br><br>- and -<br><br>Richard M. Cieri (admitted *pro hac vice*)<br>Paul M. Basta, P.C. (admitted *pro hac vice*)<br>Ray C. Schrock, P.C. (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>601 Lexington Avenue<br>New York, New York 10022-4611<br>Telephone:  (212) 446-4800<br>Facsimile:  (212) 446-4900<br>Email:  richard.cieri@kirkland.com<br>   paul.basta@kirkland.com<br>   ray.schrock@kirkland.com<br><br>- and -<br><br>Ryan Preston Dahl (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone:  (312) 862-2000<br>Facsimile:  (312) 862-2200<br>Email:  ryan.dahl@kirkland.com<br><br>*Co-Counsel for the*<br>*Debtors and Debtors in Possession* |

KE 31728638